IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT COOPER | : |
|     Plaintiff | : |
|     v. | :    Civil Action No. AMD-07-3079 |
| TERRONE McCRAW, et al. | : |
|     Respondents | : |

MEMORANDUM

This is a pro se civil rights action filed pursuant to 42 U.S.C. §1983 by Robert Cooper, an inmate at the Maryland Correctional Adjustment Center. Cooper alleges he was deprived of one meal on May 29, 2006.[1] Plaintiff requests damages and injunctive relief. The Court will grant Cooper's motion to proceed in forma pauperis and dismiss the complaint under 28 U. S. C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

District Courts are obliged to dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U. S. C. § 1915(e)(2)(B). After preliminary review of plaintiff's allegations, the court determines that he has failed to allege facts sufficient to establish a violation of his constitutional rights.

The Eighth Amendment protects prisoners from cruel and unusual punishment. In order to sustain an Eighth Amendment claim for unconstitutional conditions of confinement, plaintiff must show that he has sustained "serious or significant physical or emotional injury resulting from the

---

[1] Plaintiff states he was not served his meal because he had failed to return his tray from the previous meal. Plaintiff had been given several orders by to pass the tray out of his cell and he refused. Prison policy at that time provided that if an inmate had a food tray in his cell, it had to be passed out before the next meal was served. Complaint, Ex. 1.

    Plaintiff pursued his claim through the Administrative Remedy Procedure process. On appeal, his claim was found to have merit in part. The Warden was ordered to cease the practice of denying meal service if the previous meal tray was not returned by the inmate. Instead, the Warden was informed that a rule infraction may be issued or the inmate served a bagged meal or special management meal. Complaint, Ex. 2.

challenged conditions." *Strickler v. Waters*, 989 F. 2d 1375, 1380-1381 (4th Cir. 1994). Plaintiff must also establish that corrections officials acted with deliberate indifference to his safety. *See id.* at 1379. Conditions of confinement that are merely uncomfortable or inconvenient do not state an Eighth Amendment claim. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Under the allegations presented here, plaintiff fails to suggest any injury. *See White v. Gregory*, 1 F.3 267, 269 (4th Cir 1993) (dismissing claim that inmate received only two meals on weekends where there was no suggestion of harm). Missing one meal does not amount to cruel or unusual punishment, and does not support a claim of constitutional magnitude. In sum, plaintiff fails to allege facts sufficient to establish a violation of his constitutional rights.

Accordingly, the court will dismiss the complaint *sua sponte*. Dismissal of this case for failure to state a claim upon relief can be granted will also be noted as a "first strike" pursuant to 28 U.S.C. §1915(g).[2] An Order follows.

Date: November 27, 2007         ___/s/_____
                                Andre M. Davis
                                United States District Judge

---

[2]This provision provides that a prisoner may not bring a civil action in forma pauperis if on three or more prior occasions, the prisoner has filed an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury. *See* 28 U.S.C. §1915(g).